## W. H. Moore et al. v. Q. F. Hayden.

**Accord and Satisfaction—Payment of Less Sum Than Due.**

Where a judgment defendant paid in full satisfaction of the judgment, a sum less than the face of the judgment when the whole amount called for by the judgment was due, without additional consideration, such payment does not discharge the entire judgment debt.

APPEAL FROM SPENCER CIRCUIT COURT.

October 28, 1873.

Opinion by Judge Peters:

Apellant had recovered a judgment against appellee for near three hundred dollars besides costs. Appellee paid him $200, and took a writing from him acknowledging the receipt of the $200 in full discharge of said judgment, and binding him, with one Vandyke as his surety, that if said judgment should be reversed in the appellate court, or if appellant had assigned said judgment, or if there was a lien on the same, whereby appellee should have to pay the amount thereof, to refund said two hundred dollars to him, so he risked nothing by the payment. Afterwards, it appears that the attorney for Moore issued an execution on his judgment, the same having been affirmed by this court before the $200 were paid, and collected $75 of the judgment from appellee; and he some years afterwards brought this suit to recover back said $75; and having obtained a judgment therefor, Moore now seeks to reverse that judgment. It is not alleged in the petition that all of the money was not due and payable when the $200 were paid and accepted in satisfaction of the judgment. Nor is any sufficient cause or consideration set out in the petition for accepting a less sum as payment for the whole debt. It is a well settled principle that in cases of contract for the payment of a certain sum of money, the payment of a less sum will not be a good satisfaction, unless it was paid and accepted before the time it was due, or some other consideration. 2 Green, Sec. 28.

The instruction given to the jury for appellee, without the qualification as herein indicated, was erroneous. Wherefore the

judgment is reversed, and the cause is remanded to award a new trial for further proceedings consistent herewith.

*Harcourt, for appellants.*

*T. J. Barker, for appellee.*